UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:11-CR-00001-4 |
| | § | |
| ERIC ALBERTO LEWIS | § | |

## <u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court in the above referenced proceeding is Movant Eric Alberto Lewis's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 531) and Memorandum of Law in Support (Document No. 533); the United States' Response and Motion for Summary Judgment (Document No. 585); Movant's Response to the United States' Motion for Summary Judgment (Document No. 590); and Judge Stacy's Memorandum and Recommendation (M&R) that the Court deny the § 2255 Motion and grant the United States' Motion for Summary Judgment. (Document No. 613). No objections were filed to the Memorandum and Recommendation. After reviewing Judge Stacy's M&R, Movant's motions and response, the United States' response and motion, and the applicable law, the Court concludes that the M&R (Document No. 613) should be adopted, the United States' Motion for Summary Judgment (Document No. 585) should be granted, and Movant's § 2255 Motion (Document No. 531) should be denied.

### STANDARD OF REVIEW

Where no party objects to the Magistrate Judge's M&R, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether it is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *United States v.*

*Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## DISCUSSION

Once a defendant has been convicted and has exhausted or waived his or her right to appeal, the Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The Court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam).

There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [sentencing] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed the filings, the Magistrate Judge's M&R, and the applicable law and finds the M&R is neither erroneous in its factual findings nor contrary to law. Accordingly, the Court hereby adopts the Magistrate Judge's M&R as its own.

## CONCLUSION

Accordingly, it is hereby

ORDERED that the United States' Motion for Summary Judgment is GRANTED and the Movant's § 2255 is DENIED.

SIGNED at Houston, Texas, this 7th day of March, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE